[Civ. No. 1582. Fourth Appellate District.—March 11, 1936.]

JOSE PARRA, an Infant, etc., Respondent, v. A. W. CLEAVER, Appellant.

Gus Hagenstein for Appellant.

Frank J. Barry and Carl M. Heim for Respondent.

BARNARD, P. J.—This is an appeal from an order setting aside a satisfaction of judgment and permitting the plaintiff to take out an execution.

The action was begun in 1927 through a guardian *ad litem*, the infant being then about two years of age. A judgment was entered against the defendant, from which he appealed. The guardian *ad litem* died in 1929, while the appeal was pending, and no other guardian of any kind was appointed. After the judgment had become final, and without knowledge of the death of the guardian *ad litem*, the defendant paid the full amount of the judgment to the attorneys who had acted for the plaintiff. These attorneys executed and acknowledged a satisfaction of judgment, which was filed on February 10, 1931. The amount so paid was embezzled by one of the attorneys for the plaintiff and never reached the estate of the minor. Subsequently, a general guardian of the person and estate of the minor was appointed and a motion was made which resulted in the order here appealed from.

The appellant, while conceding that the authority of an attorney is terminated by the death of his client, argues that in a case of this kind the attorney, although appointed by the guardian *ad litem*, acts for the infant and not for the guardian who appoints him. It is then argued that, under such circumstances, the death of the guardian *ad litem* does not affect the authority of the attorney which, under section 283 of the Code of Civil Procedure, includes the authority to receive money and to satisfy a judgment.

Cases from other states may be found on both sides of the question whether such an attorney is to be considered as acting for the infant or for the guardian. In one case in this state it is stated that one so appointed ''is the attorney of the guardian and not of the infant'' (*Emeric* v. *Alvarado,* 64 Cal. 529 [2 Pac. 418]). Whether that is to be taken as the established rule in this state need not be here decided as the matter here in controversy seems to be settled by statute. Section 1810b of the Code of Civil Procedure, as existing in February, 1931, and now included in the Probate Code, in addition to providing that all contracts for attorneys' fees for the benefit of minors are void and that all such fees must be fixed by the courts in which judgments are rendered, provides: '' . . . and if said judgment is for money, and there is no general guardian for said minor, one shall be appointed by the court, and the entire amount of the judgment shall be paid to and cared for by such general guardian, under the control of the court; provided, where a minor has brought an action by a guardian *ad litem* and has recovered a money judgment not

in excess of five hundred dollars, exclusive of costs, and the guardian *ad litem* is a blood relative of said minor, then, by the approval of the court which rendered such judgment the whole of said judgment may be paid directly to such guardian *ad litem* without any bond being required therefor."

The minor himself may not receive the money and give a valid satisfaction of judgment, and under this statute, this cannot be done by the guardian *ad litem*. The statute provides, except where the judgment is not in excess of $500 and where the court has approved a different course, that the entire amount of the judgment must be paid to and cared for by a general guardian. Such a guardian may be appointed only under safeguards for the protection of a minor which are lacking in the case of a guardian *ad litem*. The very fact that this provision was originally placed in a section covering contracts for attorneys' fees in actions in which minors were parties, indicates an intention on the part of the legislature to avoid any possibility of attorneys attempting to deduct their fees from moneys which had come into their hands by specifically providing that the entire amount of the judgment must be paid to a general guardian. The plain inference is that the money must not be paid to one who has been acting as attorney for a guardian *ad litem*. Under this statute the money may not be paid to the guardian *ad litem*, and we think it is equally true that it may not be paid to the attorney appointed by him, whether or not this attorney may be said to be specifically representing the infant. This attorney cannot be representing the general guardian, the only person authorized to receive the money, when such a guardian has neither been appointed nor qualified. ▓ This statute has the effect of limiting and superseding the general authority to receive money and satisfy judgments given to an attorney by section 283 of the Code of Civil Procedure. Had this guardian *ad litem* not died, the situation would have been the same.

The rule indicated by this code section is in accord with the rule generally prevailing in other jurisdictions, although exceptions may be found. In 31 Corpus Juris, at page 1174, it is said:

"It is generally held that a guardian *ad litem* or next friend of an infant in whose favor a judgment has been rendered is not authorized to receive the amount, or receipt for, discharge, or enter satisfaction of the judgment, nor can this

be done by attorney of record, but that only a regularly qualified guardian of the infant can do so. And where there is a general guardian, no one but him or some person deriving authority from him can legally receive a (or) receipt for money due to the ward. The payment of the judgment to any person not authorized to receive it will not operate as a satisfaction thereof, and it will not be binding on the infant, who will continue to be entitled to execution on the judgment."

While this is one of those cases where a loss must fall upon one of two more or less innocent parties, in the last analysis this loss was caused by the failure of the appellant to comply with the statute governing the manner in which he might pay the money. This act was passed for the very purpose of protecting such an infant from a number of situations, one of which is well illustrated by the facts in the present case.

The order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.